J.S52011/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
              Appellee :
:
        v. :
:
:
MICHAEL N N. VANN, :
:
              Appellant : No. 1119 EDA 2013

Appeal from the Judgment of Sentence March 22, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0013904-2011

BEFORE: GANTMAN, P.J., ALLEN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED OCTOBER 06, 2014**

Appellant, Michael N N. Vann, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his jury conviction of one count of indecent assault by forcible compulsion.[1] Appellant asserts he is entitled to a new trial because the verdict was

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(2). We note that the trial court states that Appellant "was also convicted of indecent assault without consent 18 Pa.C.S. § 3126(a)(1)." **See** Trial Ct. Op., 11/12/13, at 1 n.1. The notes of testimony indicate that the jury found Appellant guilty of indecent assault with force or threat of force and indecent assault without consent. N.T., 12/12/12, at 6. However, the sentencing order indicates that Appellant was convicted of and sentenced for indecent assault forcible compulsion. **See** Order, 3/22/13.

against the weight of the evidence and based upon juror contamination. We affirm.

The trial court summarized the facts of this case as follows:

On August 6, 2011, the Complainant and a female friend intended to visit some night clubs in Philadelphia. Their plans changed, however, when they encountered two men whom the Complainant's friend knew, and the four drove to [Appellant's] home. Once there, they watched television and socialized. After a few hours, Appellant touched the Complainant's leg; although she objected, he did so again, and then put his hand on her vagina. Complainant moved away from [Appellant], told [Appellant] that he was "too rough," and told him that he needed to "chill out." Complainant then went upstairs to the living room. [Appellant] followed Complainant upstairs and told her that her friend had begun to get intimate with the other male. [Appellant] told Complainant that he would take her home when her friend and the other male were finished. [Appellant] then led the Complainant upstairs to a bedroom.

Once the two were in the bedroom, [Appellant] "jumped on" the Complainant, pinned her down with his legs, and straddled her. [Appellant] tried to grab Complainant's head. [Appellant] then inserted his penis in her mouth and vagina numerous times, as the Complainant objected and struggled against him. [Appellant] wore a latex condom. Complainant attempted to leave and [Appellant] grabbed her and threw her underneath himself. Complainant felt pain in her mouth and vagina. She then fled the house, barefoot, and disclosed the incident to her mother the next day.

On August 7, 2011, Complainant's mother accompanied her daughter to the Special Victims Unit of the Philadelphia Police Department. Complainant gave a statement to the police and underwent a medical examination. Complainant was allergic to latex, and her skin broke out in rashes when she had contact with latex. Because [Appellant] wore a latex condom during the attack, Complainant suffered from a rash over a large portion of her face and

surrounding her vaginal area. A warrant was issued for [Appellant's] arrest, and he surrendered himself to the police on September 9, 2011.

Trial Ct. Op., 11/12/13, at 2-3 (citations to record omitted).

Appellant was charged with sexual assault,[2] unlawful restraint/serious bodily injury,[3] indecent assault forcible compulsion, indecent exposure,[4] simple assault,[5] recklessly endangering another person,[6] and false imprisonment.[7] At trial, he made a motion for mistrial due to juror contamination; the court denied it. Appellant was convicted of indecent assault by forcible compulsion. On March 22, 2013, he was sentenced to three years' probation to be supervised by the sex offenders unit. Appellant was not found to be a sexually violent predator, but he was subject to twenty-five years of registration under Megan's Law.

This appeal followed. Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed a responsive opinion. Appellant raises the following issues for our review:

---

[2] 18 Pa.C.S. § 3124.1.

[3] 18 Pa.C.S. § 2902.

[4] 18 Pa.C.S. § 3127.

[5] 18 Pa.C.S. § 2701.

[6] 18 Pa.C.S. § 2705.

[7] 18 Pa.C.S. § 2903.

I. Did not the trial court unfairly prejudice Appellant and abuse its discretion when it denied Appellant's motion for a mistrial based on juror contamination?

II. Was Appellant not deprived of due process and of a fair trial in violation of the Sixth and Fourteenth Amendments of the United States Constitution as well as Article One, Section Nine of the Pennsylvania Constitution, because Appellant's conviction of indecent assault . . . was against the weight of the evidence?

Appellant's Brief at 5.

First, Appellant contends the trial court erred when it denied his motion for a mistrial based on the fact that a juror, who is an attorney, overheard a conversation between a defense witness and another person about this case.[8] *Id.* at 9. Appellant argues that "**any inappropriate contact** with the jury about the matter before them **automatically** creates a 'reasonable likelihood of prejudice.'" *Id.* at 10 (emphasis added). Appellant avers that the juror did not adequately assure the court that she could remain impartial, and therefore, the court erred in denying his motion for a mistrial. *Id.* We find no relief is due.

Our standard of review of the denial of a motion for a mistrial is well established:

It is well-settled that "[a] defendant has the right to have his case heard by a fair, impartial, and unbiased jury and contact among jurors, parties, and witnesses is viewed

---

[8] At trial, defense counsel made a motion for a mistrial, thus preserving the issue for review on appeal. *See* N.T., 12/10/12, at 120. *See* Pa.R.A.P. 302(a); Pa.R.Crim.P. 605(B) (motion for mistrial shall be made at time event prejudicial to defendant occurs).

with disfavor." However, "[t]he decision to declare a mistrial is within the sound discretion of the [trial] court and will not be reversed absent a flagrant abuse of discretion. A mistrial is an extreme remedy . . . [that] . . . must be granted only when an incident is of such a nature that its unavoidable effect is to deprive defendant of a fair trial."

***Commonwealth v. Szakal***, 50 A.3d 210, 218 (Pa. Super. 2012) (citations omitted).

In ***Szakal***,

[o]n the third day of trial, during the lunch recess, court staff informed the trial court that Commonwealth witness Dennis Hawkins (Hawkins) had made statements to the jury on the steps of the courthouse. Hawkins, who had taken the stand that morning, testified that he was housed in the Special Housing Unit (SHU) of the Washington County jail with [the defendant], and while incarcerated [the defendant] confessed to Hawkins that he had killed the victims. During the court lunch break, Hawkins approached Juror No. 715 and stated, "[the defendant] told me everything he did in the SHU. He told me it all. He had [the victim] down and he was kicking her." . . .

\* \* \*

[T]he trial court conducted a colloquy of the jury to determine what, if anything, each juror heard and whether the incident affected his or her ability to be fair and impartial. The colloquy revealed that only Juror No. 715 heard Hawkins' comments. **Each juror**, including No. 715, **indicated that his or her impartiality was not affected by the outburst**. **The trial court found the jury's assurances credible.** Moreover, as the trial court notes, "the comments of [Hawkins], while improper, did not constitute non-testimonial information. Rather his comments about the [SHU] and [the victim] being kicked only referred to testimonial information that the jury had already heard." Under these circumstances, [the defendant] has failed to prove that he was prejudiced and

we cannot conclude that the trial court abused its discretion in denying [his] motion for a mistrial.

*Id.* at 219-20 (citations omitted and emphasis added). The ***Szakal*** Court found that the defendant was not entitled to relief. ***Id.*** at 220.

In the instant case, the juror in question,[9] testified regarding her contact with the defense witness as follows:

> I saw one [of] the witnesses at church on Sunday, which was yesterday. As soon as I saw the witness, I immediately recognized him. So I sort of covered myself and got out of his line of sight so he wouldn't recognize me.
>
> Unfortunately that morning I had a flat tire. So I was in the parking lot and one of the ministers was helping me with my car. And the witness was—he was outside also. He was about, I guess, a distance between Your Honor's bench and the gallery in the courtroom. He was speaking to another member of the congregation. I was focused on getting my car tire fixed by the helpful minister.
>
> It occurred to me that the witness was speaking about the case. And it occurred to me because I heard the word rape. The witness himself was not the one speaking, it was another gentleman that was speaking, but he was speaking very loud. And what I have been thinking about was whether or not a) the witness recognized me as being [sic] member of the jury; and b) whether or not this conversation was initiated for my benefit.
>
> So not being able to discern whether or not it was for my benefit, I thought  it was remiss of me as an officer of the court and [sic] bring this to Your Honor's attention . . . .
>
> \*    \*    \*

---

[9] The juror was identified as Juror #7. N.T., 12/10/12, at 111, 114.

The Court: Can you tell us what you heard?

The Juror: I just heard—what caught my attention was the word rape. And the next statement was it should be easy to figure out what's going on with the case. Something like that.

And then sort of blocked that out, talking to the minister about my car. We figured out we need to do something else with the tire and that was the end of it.

The two gentlemen left, the witness got in his car and left. . . .

The Court: But you did not hear the witness say anything?

The Juror: The witness was not speaking. . . .

The Court: Do you think this incident would effect [sic] your ability to be a fair and impartial juror?

The Juror: No, I don't think so. It wouldn't.

N.T., 12/10/12, at 110-11, 112-13. Defense counsel moved for a mistrial. *Id.* at 120. The court denied the motion. *Id.*

In the case *sub judice*, as in **Szakal**, the court conducted a colloquy to determine what the juror heard and whether the incident affected her ability to be fair and impartial. **See Szakal**, 50 A.3d at 220. Analogous to **Szakal**, the comment did not constitute nontestimonial information. **See id.** Instantly, the court found the juror's assertion that she could be fair and impartial to be credible and denied the motion for a mistrial. **See id.** We discern no abuse of discretion. **Id.** at 218.

Lastly, Appellant contends the conviction of indecent assault was against the weight of the evidence. As a prefatory matter, we consider whether Appellant has preserved this issue for review on appeal.

Pennsylvania Rule of Criminal Procedure 607 provides:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).

> Moreover, the comment to the rule clearly establishes that "[t]he purpose of this rule is to make it clear that **a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.**" Failure to challenge the weight of the evidence presented at trial in an oral or written motion prior to sentencing or in a post-sentence motion will result in waiver of the claim.

***Commonwealth v. Bryant***, 57 A.3d 191, 197 (Pa. Super. 2012) (citations omitted and emphasis added).

Instantly, Appellant did not challenge the weight of the evidence before the trial court. Therefore, this issue is waived. ***See id.***

Judgment of sentence affirmed.

J. S52011/14

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014